UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
|---|---|---|---|
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Ali Sachani                                        Kayleigh Anderson

**Proceedings:**     DEFENDANTS MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT (Dkt. [1-1], filed October 22, 2020)

## I.   INTRODUCTION

This action concerns a June 14, 2018 raid by officers from the City of Blythe Police Department and the County of Riverside Sherriff's Department at Plaintiff Icon Desert Logistics' ("Icon") facility for cultivating medical marijuana, located at 401 W. Barnard St. in Blythe, California.

On June 18, 2019, plaintiffs Icon, Thomas Lawson, Xiaotong Liu, and Keyao Yu filed this action in the Superior Court for the County of Riverside. Dkt. 1. On September 24, 2020, plaintiffs filed the operative second amended complaint against defendants the City of Blythe and the County of Riverside ("the municipal defendants"); Doe Moreno and Doe Hedges, both sued fictitiously (the "officer defendants"); and Does 1-250, asserting federal claims for the first time. Dkt 1-1 ("SAC"). The second amended complaint alleges claims for: (1) violation of plaintiffs' federal constitutional rights to be free from unreasonable searches and seizures (against the officer defendants, and the unnamed Doe defendants); (2) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1 (against all defendants); (3) municipal liability for violation of federal constitutional rights, pursuant to 24 U.S.C. § 1983 (against the municipal defendants); (4) trespass (against all defendants); and (5) equitable, injunctive, and declaratory relief (against all defendants). Id. The municipal defendants removed this action to this Court on October 22, 2020. Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
|---|---|---|---|
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

On October 22, 2020, the municipal defendants filed the instant motion to dismiss plaintiffs' second, third, and fifth claims for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 5 ("Mot."). On November 16, 2020, plaintiffs filed an opposition, Dkt. 12 ("Opp."), and a request for judicial notice. Dkt. 13 ("RJN"). On November 19, 2020 the municipal defendants filed a reply. Dkt. 14. ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiffs allege the following facts in the operative second amended complaint.

### A. The Parties

Icon is a California non-profit mutual benefit corporation formed to facilitate transactions between members who collectively legally possess and cultivate medical marijuana pursuant to California law. SAC ¶ 3. Lawson is Icon's chief executive officer and sole officer, director, and shareholder. Id. ¶ 4. Liu and Yu are co-owners of the property located at 401 Barnard Street, Blythe, CA 92225 where Icon conducts business (the "Property"). Id. ¶¶ 4-6.

The municipal defendants, the City of Blythe and the County of Riverside, are government entities located in the state of California. Id. ¶¶ 7-8. Plaintiffs allege that Doe Moreno, who is sued fictitiously, is a sheriff's deputy employed by the County of Riverside. Id. ¶¶ 10-11. Plaintiffs likewise allege that Doe Hedges, who is sued fictitiously, is a police officer employed by the City of Blythe. Id. ¶¶ 14-15.

### B. The June 14, 2018 Raid

Icon was recognized by the state of California as a medical marijuana non-profit mutual benefit corporation in 2017 and plaintiffs Liu and Yu purchased the Property in 2018. Id. ¶¶ 25, 27. In approximately 2018, plaintiffs reached an agreement to collectively occupy and control the Property and began cultivating cannabis at the Property. Id. ¶ 28. Plaintiffs allege that at that time, they possessed all necessary permits and licenses to cultivate cannabis at the property. Id. ¶ 26.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| **CIVIL MINUTES – GENERAL** | | | **'O'** |
|---|---|---|---|
| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

Plaintiffs allege that on or about June 14, 2018, approximately a dozen police officers, including the officer defendants, conducted a raid of Icon's collective without a validly-executed search warrant.  Id. ¶¶ 29-30.  The raid was conducted by officers from the City of Blythe Police Department, the County of Riverside Sheriff's Department, and a Special Weapons and Tactics ("SWAT") team, with law enforcement helicopter support. Id. ¶ 29.  Icon employee Austin Richotte ("Richotte") was present at the Property at the time of the raid. Id. ¶ 30.  The officer defendants approached Richotte and falsely claimed that they had a validly-executed warrant to search the Property but refused to display the warrant to Richotte.  Id.  Plaintiffs allege that the "overwhelming" police presence during the raid was designed to intimidate Richotte into allowing defendants to gain access to Icon's collective, without consent and without a valid warrant or probable cause.  Id. ¶¶ 30, 32-33.

During the raid, the police officers directed Richotte to destroy the cannabis plants being cultivated at the property, under threat of arrest.  Id. ¶ 34.  Further, the officers conducting the raid confiscated a group of plaintiffs' documents containing Icon's policies and procedures.  Id.  Plaintiffs subsequently complied with the order to destroy the cannabis plants being cultivated at the property, which plaintiffs estimate resulted in a loss of in excess of $500,000.  Id. ¶ 35.

On June 14, 2018 plaintiffs applied for a variance allowing them to cultivate cannabis at the property, in anticipation of potential future unlawful searches of the Icon collective if no variance was granted.  Id. ¶ 37.  On June 19, 2018, defendants ordered plaintiffs to demolish the Property.  Id. ¶ 36. The demolition order remains in effect.  Id. Lawson represented Icon at a hearing regarding the variance held on November 13, 2018, at which Lawson was not permitted to submit any evidence and the variance was "summarily denied." Id. ¶ 38.

The municipal defendants did not discipline the officer defendants in connection with the raid of Icon's collective.  Id. ¶ 67.  Plaintiffs further allege that the municipal defendants have a policy, practice, or custom of employing and retaining as police officers individuals whom the municipal defendants know or should know have propensities for abusing their authority by failing to follow written law enforcement department policies. Id.  In addition, plaintiffs allege that the municipal defendants failed to adequately train and supervise their police officers and deputy sheriffs, and by custom, policy, or practice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

do not discipline their police officers and deputy sheriffs or properly investigate claims of unlawful searches and seizures by those officers. Id.

## III.   LEGAL STANDARDS

### A. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

The municipal defendants move to dismiss Lawson as a plaintiff for lack of Article III standing and to dismiss plaintiffs' claims for municipal liability pursuant to § 1983, for violation of the Bane Act, and for injunctive and declaratory relief. The Court addresses each claim in turn below.

### A. Plaintiff Lawson's Standing

Under Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'"  GTE Cal., Inc. v. FCC, 39 F.3d 940, 945 (9th Cir. 1994).  A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011).  To establish standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision."  Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
|---|---|---|---|
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

180–81 (2000); see also <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873.

The municipal defendants argue that plaintiff Lawson does not have standing to bring his constitutional claims in federal court because the complaint does not allege that he suffered any personal "injury in fact", independent of the economic harm suffered by Icon. Mot. at 3. Specifically, the municipal defendants contend that plaintiffs have not alleged facts establishing that Lawson had a personal economic interest or other possessory interest in the property, other than as the "sole director and sole shareholder" of Icon, or that Lawson was present at the time of the raid. <u>Id.</u> As such, the municipal defendants argue that plaintiffs have not sufficiently pled that Lawson suffered harm independent of the harm experienced by Icon. <u>Id.</u> at 4. However, the complaint alleges that Lawson possesses a personal economic interest both in Icon's business—in which he is the sole shareholder—and in the cannabis crop that plaintiffs were allegedly ordered to destroy. SAC ¶¶ 4, 28, 35. Specifically, the complaint alleges that, in addition to Icon, plaintiffs Lawson, Liu, and Yu each "occupied and controlled the Property" and that each of the "Plaintiffs began to cultivate cannabis at the Property" in approximately 2018. <u>Id.</u> ¶ 28. Likewise, the complaint alleges that each of the plaintiffs complied with defendants' order to "destroy[] *their* harvest and cultivation of cannabis plants," which the complaint alleges caused plaintiffs a collective loss "in excess of $500,000." <u>Id.</u> ¶ 35 (emphasis added). Those allegations are sufficient to demonstrate that Lawson has suffered a personal economic injury.

As such, the municipal defendants' motion to dismiss Lawson's constitutional claims for lack of standing is **DENIED**.

### B. Failure to State a Claim

#### a. Monell Liability Under Section 1983

Plaintiffs allege that the municipal defendants and their employees and agents violated their constitutional rights by conducting a raid of the Property without obtaining a valid warrant, in violation of the Fourth and Fourteenth Amendments. SAC ¶ 67. The municipal defendants move to dismiss plaintiffs constitutional claim against them on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

grounds that plaintiffs have failed to state facts supporting liability under <u>Monell v. Dep't of Social Services of City of New York</u>, 436 U.S. 658 (1978).[1]

To state a Section 1983 claim, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; <u>West v. Atkins,</u> 487 U.S. 42, 48 (1988) (citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A government entity may be held liable under 42 U.S.C. § 1983 if a "policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." <u>Dougherty v. City of Covina</u>, 654 F.3d 892, 900 (9th Cir. 2011) (citing <u>Monell v. Dep't of Soc. Servs. Of the City of New York</u>, 436 U.S. 658, 694 (1978)). A policy or custom may be shown through: (1) "a longstanding practice or custom, which constitutes the standard operating procedure" of the municipality; (2) the decision of a municipal official who has "final policymaking authority"; or (3) when an official with final decision-making authority ratifies the decision of a subordinate. <u>Avalos v. Baca</u>, 596 F.3d 583, 587–88 (9th Cir. 2010).

There is no heightened pleading standard for <u>Monell</u> claims. <u>Empress LLC v. City & Cty. of San Francisco</u>, 419 F.3d 1052, 1055 (9th Cir. 2005). However, as the Ninth Circuit has explained, in order to withstand a Rule 12(b)(6) motion to dismiss, the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir, 2011) (citing <u>Iqbal</u>, 556 U.S. at 680 and <u>Twombly</u>, 550 U.S. at 556); <u>see also</u> <u>AE ex rel. Hernandez v. County of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (affirming that this standard governs Section 1983 claims against government entities).

The municipal defendants argue that the second amended complaint does not contain facts that would demonstrate that the City or County maintains policies, customs, or

---

[1] Because the complaint does not allege that the municipal defendants are directly liable pursuant to Section 1983, the Court does not address the municipal defendants' argument that any such claim must be dismissed because claims pursuant to Section 1983 cannot be pursued against local government entities based solely on *respondeat superior*. Mot. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
|---|---|---|---|
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

practices that were the moving force behind the alleged violations of plaintiffs' constitutional rights. Mot. at 5. In opposition, plaintiffs contend that the complaint "sets forth numerous specific customs, policies or practices" including, for example, allegations that the municipal defendants "employ[] and retain[] police officers with dangerous propensities for abusing their authority and mistreating citizens," inadequately train and supervise officers with those characteristics, and maintain inadequate procedures for supervising and controlling intentional misconduct by their officers. Opp'n at 6.

The Court concludes that none of plaintiffs' allegations go beyond a recitation of the elements of a cause of action based on an official policy, practice, or custom to allege any underlying facts that would demonstrate that either or both of the municipal defendants maintained such a policy or place the municipal defendants on notice of which policies or practices are at issue. Plaintiffs' allegations are limited to conclusory statements that the municipal defendants collectively had a practice of employing officers with "propensities for abusing their authority" and of inadequately training, supervising, and disciplining those officers. SAC ¶ 67. But those conclusory allegations are not supported by any alleged facts. Plaintiffs do not, for example, plead any facts that identify which policies or procedures it alleges are maintained by the City of Blythe, versus which policies and procedures it alleges are maintained by Riverside County. Absent any factual allegations that would identify which policies are allegedly operative at each of the municipal defendants, the complaint does not sufficiently place the municipal defendants on notice of plaintiffs' claims, such that it would be fair to allow the litigation to proceed.

Accordingly, the Court **GRANTS** the motion to dismiss plaintiffs' Section 1983 claim as against the municipal defendants based on official policy, practice, or custom, with leave to amend.

### i. Failure to Train or Supervise

"A city can be liable under § 1983 for inadequate training of its police officers "only where the failure to train amounts to a deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). Thus, "only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by [the Supreme Court's] prior cases—can a city be liable for such a failure under § 1983." Id. at 389. The Supreme Court also requires a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

plaintiff to show that "the deficiency in training actually caused the police officers' [violation]." Id. at 391.

Plaintiffs' claims for failure to train or supervise suffer from the same deficiency as their claims based on official policy and practice. Here, plaintiffs have alleged no facts demonstrating that the municipal defendants have failed to adequately train or supervise their officers or that any such failure rises to the level of "deliberate indifference." Instead, the second amended complaint relies on conclusory allegations that the municipal defendants have a practice of "inadequately supervising, training, controlling, assigning, and disciplining Blythe and Riverside Police Officers" who were prone to abuse their authority and that the municipal defendants "maintain[ed] grossly inadequate procedures for reporting, supervising" and otherwise overseeing intentional misconduct by the officer defendants. SAC ¶ 67. As explained above, in order to withstand a Rule 12(b)(6) motion to dismiss, the complaint must do more than "simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr, 652 F.3d at 1216. The argument advanced by plaintiffs in their opposition that well trained or supervised officers would not have conducted the raid alleged here does not resolve these pleading deficiencies. See Opp'n at 7-8.

Since plaintiffs have only recited the elements of a cause of action based on failure to train and have not provided any allegations of underlying facts, the Court **GRANTS** the motion to dismiss plaintiffs' Section 1983 claims against the municipal defendants based on failure to train or failure to supervise, with leave to amend.

### ii. Ratification

Plaintiffs further allege that the municipal defendants "ratif[ied] the intentional misconduct of [the officer defendants]," and "fai[led] to discipline [the] Blythe and Riverside Police Officers' and Deputy Sheriffs' misconduct." SAC ¶ 86. However, plaintiffs have made no factual allegations regarding when, how, or in what manner the municipal defendants ratified or approved of the officers' conduct, beyond pointing to the lack of discipline directed towards the officers related to this single incident. See id. Even accepting as true the allegation that the municipal defendants failed to discipline any officer involved in the raid, the second amended complaint does not sufficiently allege a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

ratification theory because "mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim." Lytle v. Carl, 382 F.3d 978, 987 (9th Cir.2004); see also Kong Meng Xiong v. City of Merced, 2015 WL 4598861, at *29 (E.D. Cal. Jul. 29, 2015) ("For there to be ratification, there must be 'something more' than a single failure to discipline or the fact that a policymaker concluded that the defendant officer's actions were in keeping with the applicable policies and procedures.") (citing Lytle, 382 F.3d at 987); Dasovich v. Contra Costa Cty. Sheriff Dep't, No. 14-CV-00258-MEJ, 2014 WL 4652118, at *6 (N.D. Cal. Sept. 17, 2014) (granting motion to dismiss Monell claims where plaintiff did not plead facts demonstrating that the "policymaker [had] knowledge of the constitutional violation and actually approve[d] of it," rather than merely a failure to discipline); Santiago v. Fenton, 891 F.2d 373, 382 (1st Cir.1989) ("As we have indicated before, we cannot hold the failure of a police department to discipline in a specific instance is an adequate basis for municipal liability under Monell.").

Accordingly, the Court **GRANTS** the motion to dismiss plaintiffs' Section 1983 claims against the municipal defendants based on ratification, with leave to amend.

### b. Bane Civil Rights Act Claim

California Civil Code section 52.1, also known as the Tom Bane Civil Rights Act (the "Bane Act"), prohibits "a person or persons, whether or not acting under color of law, [from] interfer[ing] by threats, intimidation, or coercion, or [from] attempt[ing] to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state...." Cal. Civ. Code § 52.1(b). Two elements are required to state a Bane Act claim: "(1) intentional interference or attempted interference with a state or federal constitutional or legal right; and (2) the interference or attempted interference was by threats, intimidation or coercion." McFarland v. City of Clovis, 163 F. Supp. 3d 798, 806 (E.D. Cal. 2016) (citing Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67 (2015)). "Government entities have *respondeat superior* liability for their employees' Bane Act violations." Gant v. Cty. of Los Angeles, 765 F. Supp. 2d 1238, 1249 (C.D. Cal. 2011), aff'd in part, rev'd in part, 772 F.3d 608 (9th Cir. 2014), and aff'd, 594 F. App'x 335 (9th Cir. 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
|---|---|---|---|
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

The municipal defendants move to dismiss plaintiffs' Bane Act claims arguing that plaintiffs have not alleged any "threats, intimidation, or coercion […] against any individual" because the individual plaintiffs "were not present at the time of the alleged search and seizure." Mot. at 7. Further, the municipal defendants contend that the second amended complaint "does not sufficiently allege any threats, intimidation, or coercion as against any individual defendant from the County or City that would support any claim under a theory of *respondeat superior*." Reply at 6. Plaintiffs contend that they have sufficiently pled a Bane Act claim because the second amended complaint "alleges a number of facts that establish [d]efendants engaged in threatening, intimidating and coercive conduct" and that defendants acted with "reckless disregard for the Plaintiffs' constitutional rights." Opp'n at 10-11.

Plaintiffs' second amended complaint alleges that officers employed by the City of Blythe Police Department and the County of Riverside Sheriff's department who were present at the raid employed "threats [and] government intimidation" to violate plaintiffs' constitutional rights by entering and searching the property "without permission, consent, or justification." SAC ¶¶ 29, 31. Plaintiffs most specific allegations concern the officers' interactions with Icon employee Austin Ritchotte ("Richotte"). See Id. ¶¶ 30, 34. Plaintiffs allege that Richotte was present at the property at the time of the raid and that, after falsely claiming to have a validly-executed search warrant that they refused to display for Richotte, the officers "subject[ed] [Richotte] to duress and undue influence" to gain entry to the property. Id. ¶¶ 30,33. In addition, the officers allegedly ordered Richotte to destroy the cannabis plants at the property and threatened to arrest him if he did not comply. Id. ¶ 34. Those allegations sufficiently establish that the officers employed threats, intimidation, or coercion within the meaning of the Bane Act. See e.g. Cooley v. City of Los Angeles, No. 2:18-cv-09053-CAS-PLA, 2019 WL 3766554, at *6 (C.D. Cal. Aug. 5, 2019) (denying motion to dismiss Bane Act claims against the City of Los Angeles where unhoused plaintiffs alleged that "they themselves were told by LAPD officers to leave the area [during a sidewalk "area cleaning"] or be arrested").

However, Richotte—the only individual who is alleged to have been threatened—is not a party to this action and the second amended complaint does not contain allegations that the individual plaintiffs were present and subject to threats or intimidation during the raid. A Bane Act claim may only be brought in private litigation by an "individual … in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
|---|---|---|---|
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

his or her own name and on his or her own behalf." Cal. Civ. Code § 52.1(c). As such, a claim brought pursuant to the Bane Act is not cognizable unless it is brought by the individual person whose rights have allegedly been violated due to the threats or intimidation. See Bay Area Rapid Transit Dist. v. Superior Court, 38 Cal. App. 4th 141, 144, 44 Cal. Rptr. 2d 887, 889 (1995) (holding in wrongful death action that Bane Act protection "is limited to plaintiffs who themselves have been the subject of violence or threats" and does not extend to "derivative liability for persons not present and not witnessing the actionable conduct"); see also City of Los Angeles v. Animal Defense League (2006) 135 Cal.App.4th 606, 623, disapproved of on other grounds in City of Montebello v. Vasquez (2016) 1 Cal.5th 409, 416 ("In ordinary usage[,] the word 'individual' denotes a natural person not a group, association[,] or other artificial entity.") Although Richotte is an Icon employee, Icon is a corporate entity that cannot respond to threats or intimidation in its own right and cannot assert a Bane Act claim on Richotte's behalf. Likewise, the individual plaintiffs both have not alleged that they were personally threatened and cannot allege derivative liability under the Bane Act for threats allegedly directed only at Richotte. [2] Thus, none of the plaintiffs have sufficiently alleged a Bane Act claim.

---

[2] At the hearing, plaintiffs contended that the individual plaintiffs have standing to bring Bane Act claims because, although not present during the raid, they were themselves intimidated upon learning that the officers had raided their collective and threatened their colleague. Plaintiffs argued that the Court's reliance on Bay Area Rapid Transit Dist. v. Superior Court is misplaced because unlike in that case, which concerns circumstances in which parents of a decedent could not establish standing to bring a Bane Act claim for "interference with their constitutional right to parent" because they were "not present and [did] not witness[] the actionable conduct," plaintiffs here are the parties whose Fourth Amendment rights were allegedly violated. 38 Cal. App. 4th at 144. As such, the essential question raised by plaintiffs at oral argument is whether an individual must be present when the threats giving rise to Bane Act liability are made, or whether, as plaintiffs contend, a party who later becomes aware of threats made to his associates also has standing pursuant to the Bane Act. The Court has conducted a thorough review of the case law, and can find no support for the proposition that a party who learns only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

Accordingly, the Court **GRANTS** the municipal defendants' motion to dismiss plaintiffs' Bane Act claim, with leave to amend.

### c. Injunctive Relief

Plaintiffs' fifth claim is styled as a free-standing request for "Equitable, Injunctive, and Declaratory relief." SAC ¶¶ 77-79. With respect to injunctive relief, plaintiffs request an order enjoining defendants from "continuing to engage in the practices described in this Complaint and from any practices, which deviate from any orders of this Court." Id. ¶ 79. The municipal defendants move to dismiss plaintiffs' request for injunctive relief, contending primarily that plaintiffs have not sufficiently alleged that they have standing to pursue injunctive relief because the complaint does not contain facts showing that there is an ongoing threat of "immediate or irreparable injury" absent an injunction. Mot. at 9-10. Plaintiff responds that its allegations demonstrate "a substantial likelihood that Plaintiffs' collective, Icon, will be subject to an unlawful search in the near future," such that injunctive relief is appropriate.[3] Opp'n at 12.

"Standing is a threshold matter central to our subject matter jurisdiction." Bates v. United Parcel Service, Inc., 511 F.3d 974, 985 (9th Cir. 2007). To have standing to bring a claim for relief, the plaintiff must show that his injury "is likely to be redressed by the relief she seeks." Walsh v. Nevada Dep't of Human Res., 471 F.3d 1033, 1036–37 (9th Cir. 2006). "Past exposure to harmful or illegal conduct does not necessarily confer standing to

---

after-the-fact that his associates have been threatened possesses standing to pursue a Bane Act claim, nor have plaintiffs cited any such authority.

[3] Plaintiffs further seek judicial notice of a group of news articles, which they contend demonstrate "Riverside County's distain for marijuana dispensaries." Id. at 12; See generally RJN. To the extent that a court may take judicial notice of news articles, it may do so only to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (quoting Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir.2010)). Here, plaintiffs seek judicial notice of the news articles for the truth of their contents, and not merely for the fact of their publication. Accordingly, the Court **DENIES** the request for judicial notice, and the articles cited by that request are not considered here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

seek injunctive relief if the plaintiff does not continue to suffer adverse effects." Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). A plaintiff is only entitled to injunctive relief if she can demonstrate a "real or immediate threat" that she will be subject to the alleged illegal conduct again. City of Los Angeles v. Lyons, 461 U.S. 95, 96 (1983). Additionally, injunctive relief is not a freestanding claim for relief, but rather a remedy that must be based an underlying claim. See Richman v. First Franklin Mortg. Co., No. CV1106628DMGVBKX, 2011 WL 13129759, at *5 (C.D. Cal. Dec. 13, 2011) (dismissing claim for injunctive relief "[b]ecause [p]laintiff has failed to state a claim on any of his proposed causes of action.").

Here, the Court concludes that plaintiffs have sufficiently pled standing to seek injunctive relief. Specifically, the second amended complaint alleges that plaintiffs applied for a variance permitting them to continue operating because they "anticipate[d]" that there would be "future unlawful searches and seizures [and] other conduct perpetrated by [d]efendants" in the absence of additional legal intervention, SAC ¶ 37, but that the requested "variance was summarily denied." Id. ¶ 38. That allegation is sufficient to establish, for purposes of a motion to dismiss, that plaintiffs face a concrete and immediate threat that a further unlawful raid may occur if they continue to cultivate cannabis on their property. Moreover, plaintiffs request for injunctive relief is adequately based on an underlying claim against the municipal defendants because those entities have not moved to dismiss plaintiffs fourth claim against them for trespass.

Accordingly, the Court **DENIES** the motion to dismiss plaintiffs' requested injunctive relief.

### d. Declaratory Relief

The municipal defendants likewise contend that plaintiffs' request for declaratory relief must be dismissed for absence of a "case or controversy" because plaintiffs have not pled "any facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties." Mot. at 9-10. Plaintiffs request a declaratory judgment quashing the municipal defendants' order to demolish the property and "of the rights of the plaintiffs [and] precautions that [d]efendants must take to prevent any future violation of [p]laintiffs' constitutional rights and the rights of the public as a whole." SAC ¶ 79.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

Like injunctive relief, declaratory relief is a remedy, not a freestanding cause of action.  Richman, 2011 WL 13129759, at *4.  Declaratory relief may be granted where there is an "actual case or controversy," meaning that there is "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (quoting Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 671 (9th Cir. 2005)).  Here, as with the request for injunctive relief, the Court concludes that plaintiffs have alleged a sufficient ongoing controversy between the parties to survive a motion to dismiss their claim for declaratory relief. Plaintiffs allege that the demolition order remains in effect and was imposed without just cause and in the absence of due process, and that the denial of plaintiffs variance request occurred after a hearing at which plaintiffs were "improperly precluded from advancing any argument or presenting any evidence." SAC ¶¶ 36, 38. And, as noted *supra*, plaintiffs have alleged that future trespass on their property by defendants is likely should they continue using the property to cultivate cannabis. Id. 37, 68-76.

Accordingly, the Court **DENIES** the motion to dismiss plaintiffs' requested declaratory relief.

**V.    CONCLUSION**

In accordance with the foregoing, the Court orders as follows:

1. The Court **DENIES** the municipal defendants' motion to dismiss Lawson's constitutional claims for lack of standing.

2. The Court **GRANTS** the motion to dismiss plaintiffs' Section 1983 claim as against the municipal defendants based on official policy, practice, or custom, with leave to amend.

3. The Court **GRANTS** the motion to dismiss plaintiffs' Section 1983 claims against the municipal defendants based on failure to train or failure to supervise, with leave to amend.

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:20-cv-02225-CAS-JCx | Date | December 7, 2020 |
|---|---|---|---|
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL | | |

4. The Court **GRANTS** the motion to dismiss plaintiffs' Section 1983 claims against the municipal defendants based on ratification, with leave to amend.

5. The Court **GRANTS** the municipal defendants' motion to dismiss plaintiffs' Bane Act claim, with leave to amend.

6. The Court **DENIES** the motion to dismiss plaintiffs' requested injunctive relief.

7. The Court **DENIES** the motion to dismiss plaintiffs' requested declaratory relief.

Plaintiffs shall have **sixty (60)** days to file an amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 09 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |