1  LAW OFFICES OF GARY R. CARLIN, APC
   GARY R. CARLIN, CSBN: 44945
2  gary@garycarlinlaw.com
   ALI M. SACHANI, CSBN: 234641
3  ali@garycarlinlaw.com
   MATTHEW C. CHEN, CSBN: 324868
4  matthewchen@garycarlinlaw.com
   301 East Ocean Boulevard, Suite 1550
5  Long Beach, California 90802
   Telephone: (562) 432-8933
6  Fax: (562) 435-1656

7  Attorneys for Plaintiffs,
   ICON DESERT LOGISTICS;
8  THOMAS LAWSON;
   XIAOTONG LIU; and
9  KEYAO YU

10                  UNITED STATES DISTRICT COURT
11         CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
12

13 | ICON DESERT LOGISTICS, a California limited liability company, THOMAS LAWSON, an individual, XIAOTONG LIU, an individual, and KEYAO YU, an individual, | CASE NO. 5:20-cv-02225-CAS-JC |
|---|---|
| | **THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| Plaintiffs, | (1) Unreasonable Search and Seizure (42 U.S.C §1983); |
| vs. | (2) Municipal Liability For Unconstitutional Custom, Practice, Or Policy (42 U.S.C. §1983); |
| CITY OF BLYTHE, a government entity; COUNTY OF RIVERSIDE, a government entity; DOE MORENO, a police officer for the City of Blythe; DOE HEDGES, a sheriff deputy for the County of Riverside; and DOES 1-250, inclusive, | (3) Trespass; and |
| | (4) Equitable, Injunctive and Declaratory Relief. |
| Defendants. | **[DEMAND FOR JURY TRIAL]** |

-1-

THIRD AMENDED COMPLAINT FOR DAMAGES

COMES NOW the Plaintiffs, ICON DESERT LOGISTICS, THOMAS LAWSON, XIAOTONG LIU, and KEYAO YU, (hereinafter, collectively referred to as "Plaintiffs"), who hereby respectfully allege, aver, and complain, as follows:

## INTRODUCTION

1. This is an action brought by Plaintiffs, ICON DESERT LOGISTICS, INC., THOMAS LAWSON, XIAOTONG LIU, and KEYAO YU, pursuant to California statutory, decisional, and regulatory laws.

2. Plaintiffs allege that California statutory, decisional and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiffs are entitled to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## PARTIES

3. At all times herein mentioned, Plaintiff ICON DESERT LOGISTICS (hereinafter referred to as "Plaintiff ICON") is an incorporated California non-profit mutual benefit corporation organized pursuant to Title 1 of Division 20 of the California Corporations Code of the State of California, formed with the specific purpose of facilitating and organizing transactions between members who collectively possess and cultivate marijuana for medical purposes pursuant to California's Compassionate Use Act of 1996 ("CUA") (codified at Health & Safety Code ("H&S") Section 11362.5), the Medical Marijuana Program Act of 2003 ("MMPA"), and the guidelines issued by the California Attorney General, "Guidelines for the Security and Non-Diversion of Marijuana Grown for Medical Use" ("Guidelines"). Plaintiff ICON limits access to medical marijuana to members who are qualified medical marijuana patients and/or primary caregivers pursuant to Health and Safety Code Section 11362.5(a); and (e).

4. At all times herein mentioned, Plaintiff THOMAS LAWSON (hereinafter referred to as "Plaintiff LAWSON") is and has been a resident of Los Angeles County, State of California. Plaintiff LAWSON was and is the chief executive officer; sole officer; sole director; and sole shareholder of Plaintiff ICON, conducting business at 401 W. Barnard Street, Blythe, CA 92225.

5. At all times herein mentioned, Plaintiff XIAOTONG LIU (hereinafter referred to as "Plaintiff LIU") is and has been a resident of Los Angeles County, State of California. Plaintiff LIU was and is a co-owner of the property located at 401 W. Barnard Street, Blythe, CA 92225 (hereinafter "the PROPERTY").

6. At all times herein mentioned, Plaintiff KEYAO YU (hereinafter referred to as "Plaintiff YU") is and has been a resident of Los Angeles County, State of California. Plaintiff YU was and is a co-owner of the PROPERTY.

7. At all times herein mentioned, Defendant CITY OF BLYTHE (hereinafter referred to as "Defendant BLYTHE") is a government entity with the capacity to sue and to be sued, with a principal place of business located at 235 North Broadway, Blythe, California 92225, and is the employer of DOE MORENO (hereinafter "Defendant MORENO").

8. At all times herein mentioned, Defendant COUNTY OF RIVERSIDE (hereinafter referred to as "Defendant RIVERSIDE") is a government entity with the capacity to sue and to be sued, with a principal place of business located at 4080 Lemon Street, Riverside, California 92501, and is the employer of DOE HEDGES, who Plaintiffs have learned is DEVIN HEDGE (hereinafter "Defendant HEDGE").

9. Plaintiff is informed and believes that Defendant HEDGE is, and at all relevant times herein, has been, an individual residing in County of Riverside, California.

10. At all times herein mentioned, Defendant HEDGE was a duly authorized employee and agent of Defendant RIVERSIDE, who was acting under

color of law within the course and scope of his respective duties as a police officer and with the complete authority and ratification of his principal, Defendant RIVERSIDE.

11. At all times herein mentioned, Defendant HEDGE was a duly appointed deputy and/or employee or agent of Defendant RIVERSIDE, subject to oversight and supervision by Defendant RIVERSIDE's elected and non-elected officials.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendant HEDGE was acting on the implied and actual permission and consent of Defendant RIVERSIDE.

13. Plaintiff is informed and believes that Defendant DOE MORENO's full name is RUDY MORENO and is, and at all relevant times herein, has been, an individual residing in County of Riverside, California.

14. At all times herein mentioned, Defendant MORENO was a duly authorized employee and agent of Defendant BLYTHE, who was acting under color of law within the course and scope of his respective duties as a police officer and with the complete authority and ratification of his principal, Defendant BLYTHE.

15. At all times herein mentioned, Defendant MORENO was a duly appointed deputy and/or employee or agent of Defendant BLYTHE, subject to oversight and supervision by Defendant BLYTHE's elected and non-elected officials.

16. In doing the acts and failing and omitting to act as hereinafter described, Defendant MORENO was acting on the implied and actual permission and consent of Defendant BLYTHE.

17. At all times herein mentioned, each and every municipality defendant was the agent of each and every other municipality defendant and had the legal duty

to oversee and supervise the conduct and employment of each and every defendant.

18. The true names and capacities of the Defendants named herein as DOES 1 through 250, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

19. At all times relevant to this action, each defendant, including those fictitiously Named, is and was the agent, servant, employee, partner, joint venture, or surety of the other defendants and is or was acting within the scope of said agency, employment, partnership, venture, or suretyship, with the knowledge and consent or ratification of each of the other defendants in doing the things alleged herein.

20. Plaintiff is informed and believes that Defendants committed other wrongful acts or omissions of which Plaintiffs are presently unaware. Plaintiffs shall conduct discovery to identify said wrongful acts, and will seek leave of court to amend this Complaint to add said acts upon discovery.

## JURISDICTION AND VENUE

21. Jurisdiction is proper in this Court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Riverside County Superior Court Rules.

22. Venue in this Court is proper in that Defendants BLYTHE and RIVERSIDE are government entities of the County of Riverside, State of California.

23. Venue in this Court is proper in that Defendants MORENO and HEDGE are believed to be residents of the County of Riverside, State of California.

24. Venue is proper in this Court, pursuant to §395(a) of the California Code of Civil Procedure, because all acts and omissions giving rise to the causes of action stated herein occurred or arose in the County of Riverside, State of California.

## FACTUAL ALLEGATIONS

25. On or about July 24, 2017, the State of California legally recognized Plaintiff ICON as a medical marijuana non-profit mutual benefit corporation by filing its articles of incorporation, file number 4049198.

26. Plaintiffs are informed and believe, and thereon allege, that they had all necessary rights, privileges, permits, and licenses required at that time to conduct cannabis cultivation at the PROPERTY.

27. In or about 2018, Plaintiffs LIU and YU purchased the PROPERTY.

28. At the time of the incident of on or about June 14, 2018, Plaintiffs LIU and YU possessed – and currently, possess – an ownership interest in the PROPERTY. Plaintiff LAWSON was and is the chief executive officer; sole officer, sole director; and sole shareholder of Plaintiff ICON. Pursuant to an agreement between all Plaintiffs, each of the Plaintiffs occupied and controlled the PROPERTY. In or about 2018, Plaintiffs began to cultivate cannabis at the PROPERTY.

29. On or about June 14, 2018, Defendants MORENO, HEDGE, and approximately a dozen police officers from the City of Blythe Police Department, the County of Riverside Sheriff's Department, Special Weapons and Tactics Team ("SWAT Team"), raided Plaintiff ICON's collective, notwithstanding Plaintiffs' legal ability, license, and rights to cultivate cannabis.

30. Defendants approached Plaintiff ICON's member, Austin Ritchotte, and claimed that they had a validly-executed building inspection warrant that

permitted them to search the premises, which Defendants refused to show Mr. Ritchotte or allow him to read its contents. Defendants failed to properly serve the inspection warrant 24 hours before it was executed, as required under Civil Code Section 1822.55.

31. Defendants' primary purpose in executing this inspection warrant was to gather evidence in support of a criminal investigation, rather than to assist the building inspector. The inspection warrant did not allow the use of any police assistance, and did not allow for the removal of any personal property from the premises. The inspection warrant only allowed the building inspector to obtain information regarding occupancy classification. The inspection was to be reasonably conducted so as to effect as minimal an intrusion as possible.

32. At all times herein mentioned, Mr. Ritchotte was acting as an agent for each of the Plaintiffs.

33. Through sheer force, threats, commands, and/or governmental intimidation, Defendants' agents entered Plaintiffs' property without permission, consent, or lawful justification.

34. Defendants and/or their agents lacked any probable cause and/or personal knowledge which could have justified the alleged search warrant and the search of the premises alleged herein.

35. Plaintiffs are informed and believe, and thereon allege, that the presence of the SWAT team and overwhelming number and conduct of the officers was intended, designed, and orchestrated by Defendants to harass, scare, intimidate, coerce, force, expose, and subject Mr. Ritchotte to duress and undue influence for the sole purpose of enabling Defendants to gain access and entry to Plaintiffs' premises against Plaintiffs' will, and in the absence of free will, consent, and permission.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

36. Once Defendants' agents began to search the PROPERTY, it became clear that Plaintiffs had committed no violations of criminal law and were not in possession of illegal narcotics or illegal narcotics paraphernalia. However, Defendants' agents wrongfully took possession of Plaintiffs' documents, including, but not limited to, policies, procedures and other documentation, without the consent of Plaintiffs. Furthermore, Defendants wrongfully demanded and ordered Mr. Ritchotte under threat of arrest to destroy Plaintiffs' chattels, the cannabis plants.

37. As a result thereof, Plaintiffs complied with said wrongful demand, command, and order by destroying their harvest and cultivation of cannabis plants, at a total loss which Plaintiffs estimate to have been in excess of $500,000. Said order to destroy Plaintiffs' cannabis plants was unlawful, invalid, void or voidable, unjust, and issued in the absence of due process of law.

38. Subsequently, on or about June 19, 2018, Defendants, without just cause, reason, or purpose, ordered Plaintiffs to demolish the hydroponic greenhouse that was built by Plaintiffs within the PROPERTY. Said order of demolition was unlawful, invalid, void or voidable, unjust, and issued in the absence of due process of law.

39. Shortly after the incident of on or about June 14, 2018, Plaintiffs – in anticipation of any potential future unlawful searches and seizures or other conduct perpetrated by Defendants – applied for a variance to permit them to cultivate cannabis at the PROPERTY.

40. A hearing concerning the variance was held on or about November 13, 2018, in which Plaintiff ICON was represented by its owner Plaintiff LAWSON. One member of the Blythe Building inspection office presented a speech against Plaintiffs' variance request. The hearing was a farce and the variance was summarily denied. The city councilman that denied the variance is a beer drinking

buddy of Jason Brown, the Building Inspector that obtained the administrative inspection warrant that was used to conduct an improper criminal search of the PROPERTY and unlawful seizure of Plaintiffs' property.

41. The denial of this variance was unlawful, without just cause, an abuse of discretion, and a denial of Plaintiffs' due process and civil rights.

42. As a result of Defendants' unlawful conduct, Plaintiffs each suffered substantial economic damages. Plaintiffs LAWSON, LIU, and YU each significantly invested time, effort, money, and resources into their cannabis business conducted at the PROPERTY, and forewent other business opportunities to pursue said cannabis business. As a result, Plaintiffs suffered severe emotional distress – and, as a result, physical injuries – which were directly caused by Defendants' unlawful and wrongful acts.

43. Plaintiffs ICON, LAWSON, LIU, and YU each timely filed government tort claims with both Defendants BLYTHE and RIVERSIDE. On December 20, 2018, RIVERSIDE rejected each of the tort claims filed by Plaintiffs. On January 28, 2019, BLYTHE rejected each of the tort claims filed by Plaintiffs.

## FIRST CAUSE OF ACTION
### Violation of 42 U.S.C §1983– Unlawful Search and Seizure
### (Against DEFENDANTS MORENO, HEDGE and DOES 1-250)

44. Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

45. The U.S. Constitution 4th Amendment § 1 guarantees the rights of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.

46. The U.S. Constitution 5th Amendment § 1 guarantees the right of persons not to be deprived of life, liberty, or property, without due process of law.

47. The U.S. Constitution 14th Amendment § 1, guarantees that no state shall deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

48. Defendants MORENO, HEDGE, and DOES 1-250 violated Plaintiffs' rights to be secure in their persons against unreasonable searches and seizures as guaranteed to Plaintiffs under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49. Defendants MORENO, HEDGE, and DOES 1-250 were agents and employees of Defendants BLYTHE and RIVERSIDE.

50. Defendants, by engaging in the wrongful conduct alleged herein and by acting under color of state law, while purporting to act in the performance of their official duties, intentionally deprived Plaintiffs of these constitutional rights that are guaranteed under the Constitution of the United States.

51. Defendants' conduct, specifically their unlawful entry of the PROPERTY, as well as seizing Plaintiffs' chattels, without a properly-executed search warrant, subjected Plaintiffs to the unreasonable and intentional infliction of severe emotional distress to point of inducing physical injuries.

52. Defendants MORENO, HEDGE, and DOES 1-250 acted as a result of and in furtherance of the official policy, custom, and practice maintained by Defendants BLYTHE and RIVERSIDE.

53. As a direct and proximate cause of the aforementioned acts of Defendants, and each of them, Plaintiffs were injured as set forth above, and are entitled to general damages, as well as compensatory damages, in an amount according to proof at trial.

54. By reason of the aforementioned acts of Defendants, and each of them, Plaintiffs suffered severe emotional distress and injuries.

55. By reason of the aforementioned acts of Defendants, and each of them, Plaintiffs incurred loss of personal property, loss of rental value of real property, loss of the ability to utilize their real and personal property, and other related damages and expenses in an amount according to proof at the time of trial.

56. By reason of the aforementioned acts of Defendants, and each of them, the Plaintiffs sustained general damages in an amount according to proof at the time of trial.

57. In doing the acts herein alleged, Defendants MORENO, HEDGE, and DOES 1-250, and each of them, acted with oppression, fraud, and malice, and in conscious disregard of Plaintiffs' rights and Plaintiffs are therefore entitled to punitive damages in an amount to be determined at trial according to proof.

## SECOND CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. §1983)**

**(Against Defendants BLYTHE and RIVERSIDE)**

58. Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

59. On or about June 14, 2018, Defendant BLYTHE deprived Plaintiffs of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendant BLYTHE and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiffs, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an officially recognized custom, policy, and practice of unlawfully executing an administrative inspection warrant with the primary purpose of gathering evidence in support of a criminal investigation. BLYTHE also maintained a practice or custom

of partnering with RIVERSIDE when exercising this custom, policy and practice of unlawfully performing a criminal search of premises pursuant to an administrative inspection warrant.

60. On or about June 14, 2018, Defendant RIVERSIDE deprived Plaintiffs of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendant RIVERSIDE and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Plaintiffs, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an officially recognized custom, policy, and practice of unlawfully executing an administrative inspection warrant with the primary purpose of gathering evidence in support of a criminal investigation. RIVERSIDE also maintained a practice or custom of partnering with BLYTHE when exercising this custom, policy and practice of unlawfully performing a criminal search of premises pursuant to an administrative inspection warrant. RIVERSIDE also executed on said inspection warrant on June 14, 2018, although it was not even issued by a Riverside Superior Court Judge, at the request of BLYTHE.

61. Blythe Chief Building Inspector Danny Garnica, Blythe Building Inspector III Jason Brown, Blythe City Councilman DeConinck, Blythe Vice Mayor Egan, Interim City Manager Mallory Crecelius, Blythe Police Chief Joshua Coe and Blythe Police Chief Jeffrey Wade are policymakers with final policymaking authority that authorized and ratified the unlawful search of the PROPERTY and seizure that took place therein as more fully described above.

62. Pursuant to the California Building Code, adopted by BLYTHE, Chapter 16, section 201.4 "Deputies. In accordance with prescribed procedures and with the approval of the appointing authority, the Building Official may appoint

such number of technical officers and inspectors and other employees as shall be authorized from time to time. The Building Official may deputize such inspectors or employees as may be necessary to carry out the provisions of the Uniform Code for the Abatement of Dangerous Buildings."

63. Pursuant to BLYTHE Municipal Code 2.04.090 - Powers and duties— Authority over employees, "It shall be the duty of the city manager, and he shall have the authority, control, order and give directions to all heads of departments and to subordinate officers and employees of the city under his jurisdiction through their department heads." This includes the BLYTHE Police Chiefs that were at present at the raid. Pursuant to BLYTHE Municipal Code section 2.04.100, the Chief of Police is a Department Head, in the City of Blythe.

64. One of the duties of the City Manager is "to recommend to the city council for adoption such measures and ordinances as he deems necessary or expedient." Furthermore, pursuant to BLYTHE municipal code section 2.04.070 - Powers and duties— Generally, the "city manager shall be the administrative head of the government of the city under the direction and control of the city council, except as otherwise provided in this chapter. He shall be responsible for the efficient administration of all the affairs of the city which are under his control." Accordingly, the City Manager plainly has policy making authority pursuant to the Blythe Municipal Code.

65. Each of the individuals with policymaking authority listed in paragraph 61 above, ratified and approved of the intentional misconduct of Defendants HEDGE, MORENO, building official Jason Brown and other deputies and sheriffs, in the use of an administrative inspection warrant to conduct a criminal search of the PROPERTY as more fully described above.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

66. BLYTHE and RIVERSIDE both maintain an unconstitutional custom and practice of performing unconstitutional criminal searches of premises through the use of an administrative inspection warrant and the damages and civil rights violations suffered by Plaintiffs were a direct result of said practices. The policies, customs, and practices of Defendants BLYTHE and RIVERSIDE were done with a deliberate indifference to individuals' safety and rights.

67. By reason of the aforementioned policies and practices of Defendants BLYTHE and RIVERSIDE, Plaintiffs were subjected to financial injury; loss of property; loss of the ability to enjoy and utilize their property; as well as psychological and emotional injuries.

68. Defendants BLYTHE and RIVERSIDE together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, said Defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

69. By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants BLYTHE and RIVERSIDE acted with an intentional, reckless, and callous disregard for Plaintiffs' constitutional rights. Each of the actions of Defendants BLYTHE and BLYTHE was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

70. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants BLYTHE and RIVERSIDE was affirmatively linked to and were a significantly influential force behind the injuries

of Plaintiffs.

71.  By reason of the aforementioned acts and omissions of Defendants BLYTHE and RIVERSIDE, Plaintiffs were caused to incur significant loss of property and deprived of the ability to enjoy and utilize their property, as well as suffer significant psychological and emotional injuries.

72.  Accordingly, Defendants BLYTHE and RIVERSIDE are liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983.

73.  Plaintiffs also seek attorney's fees under this claim.

### THIRD CAUSE OF ACTION

### Trespass

### (Against all DEFENDANTS and DOES 1-250)

74.  Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

75.  Plaintiffs LIU and YU possess an ownership interest in the PROPERTY.  Plaintiff LAWSON was and is the chief executive officer; sole officer, sole director; and sole shareholder of Plaintiff ICON.  Pursuant to an agreement between all Plaintiffs, each of the Plaintiffs occupied and controlled the PROPERTY.

76.  Defendants, by engaging in the wrongful conduct alleged herein, and acting under color of state law and an alleged search warrant, while purporting to act in the performance of their official duties on or about June 14, 2018, entered the PROPERTY, without Plaintiffs' consent.  As such, on or about June 14, 2018, Defendants unlawfully, physically and forcibly breached Plaintiffs' real property rights and ordered Plaintiffs to destroy their personal property, including, but not limited to their medical cannabis plants and hydroponic greenhouse and related equipment, that proximately caused injuries to Plaintiffs in an amount according to

proof at the time of trial. Defendants' entry by force, threat, and coercion was a substantial factor in causing Plaintiffs' harm.

77. Plaintiffs did not give permission to Defendants to enter the PROPERTY.

78. By reason of the aforementioned acts of Defendants, and each of them, Plaintiffs suffered severe emotional distress and injuries, all to their damage in an amount according to proof at the time of trial.

79. By reason of the aforementioned acts of Defendants, and each of them, the Plaintiffs sustained general damages in an amount according to proof at the time of trial.

80. Defendant BLYTHE is vicariously liable for the wrongful acts of Defendant MORENO and DOES 1-250 pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

81. Defendant RIVERSIDE is vicariously liable for the wrongful acts of Defendant HEDGE and DOES 1-250 pursuant to Section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

82. In doing the acts herein alleged, Defendants MORENO, HEDGE, and DOES 1-250, and each of them, acted with oppression, fraud, and malice, and in conscious disregard of Plaintiffs' rights and Plaintiffs are therefore entitled to punitive damages in an amount to be determined at trial according to proof.

/ / /

/ / /

/ / /

# FOURTH CAUSE OF ACTION

## Equitable, Injunctive and Declaratory Relief

### (Against all DEFENDANTS and DOES 1-250)

83. Plaintiffs hereby incorporate by reference the allegations in the above paragraphs of this Complaint as though fully set forth herein.

84. Defendants are charged by law and public policy and by their own perceived moral obligations, ethical duties and natural sentiments, to refrain from violating Plaintiffs' constitutional rights. As a result of the actions and conduct described herein, Plaintiffs have no adequate remedy at law.

85. Accordingly, Plaintiffs request the following equitable, injunctive, and declaratory relief:

  a. That Defendants BLYTHE's and RIVERSIDE's order to demolish the hydroponic greenhouse within the PROPERTY, located at 401 W. Barnard Street, Blythe, CA 92225, be quashed;

  b. That a judicial determination and declaration be made of the rights of the Plaintiffs and the Court approve precautions that Defendants must take to prevent any future violation of Plaintiffs' constitutional rights and the rights of the public as a whole; and

  c. That the Defendants be forever enjoined from continuing to engage in the practices described in this Complaint and from any practices, which deviate from any orders of this Court.

///
///
///
///
///
///

## PRAYER FOR RELIEF

1. For general and compensatory damages against Defendants and each of them in an amount to be proven at trial;

2. For punitive damages against Defendant MORENO and Defendant HEDGE only, in an amount to be proven at trial;

3. For costs incurred by Plaintiffs, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due to Plaintiffs and for violations of Plaintiffs' civil rights as set forth above;

4. For equitable relief described in paragraph 85 above;

5. For such other and further relief as the Court deems just and proper.

Dated: February 4, 2021

THE LAW OFFICES OF GARY R. CARLIN
A Professional Corporation


By: ____/s/ Gary Carlin____
Gary R. Carlin,
Ali M. Sachani,
Matthew C. Chen,
Attorneys for Plaintiffs,
ICON DESERT LOGISTICS;
THOMAS LAWSON;
XIAOTONG LIU; and
KEYAO YU

THIRD AMENDED COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand a jury trial.

Dated: February 4, 2021

**THE LAW OFFICES OF GARY R. CARLIN**
A Professional Corporation

By: /s/ Gary Carlin
Gary R. Carlin,
Ali M. Sachani,
Matthew C. Chen,
Attorneys for Plaintiffs,
ICON DESERT LOGISTICS;
THOMAS LAWSON;
XIAOTONG LIU; and
KEYAO YU

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within entitled action. My business address is 301 East Ocean Blvd., Suite 1550, Long Beach, California 90802.

On February 4, 2021, I served the following document(s) described as:

**PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

The true copies thereof were enclosed in a sealed envelope and addressed as follows:

**Counsel for Defendants, CITY OF BLYTHE and COUNTY OF RIVERSIDE**
LEWIS BRISBOIS BISGAARD & SMITH, LLP
James C. Packer
<James.Packer@lewisbrisbois.com>
Mathew L. Walker
<Mathew.Walker@lewisbrisbois.com>
Kayleigh A. Andersen
<Kayleigh.Andersen@lewisbrisbois.com>
650 E. Hospitality Lane, Suite 600
San Bernardino, California 92408

**XX**    **BY CM/ECF:** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

**XX**    **FEDERAL** I declare under penalty of perjury under the laws of the United States that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed, February 4, 2021, at Long Beach, California.

                 /s/ Angelica Moreno
                 Angelica Moreno, Declarant