UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'     JS-6

| | | | |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

Present: The Honorable     CHRISTINA A. SNYDER

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Gary Carlin
Francis Flynn

Attorneys Present for Defendants:
Christopher Lockwood
Allen Christansen

**Proceedings:**     DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt.41, filed on FEBRUARY 10, 2022)

## I. INTRODUCTION

On June 18, 2019, plaintiffs Icon Desert Logistics ("Icon"), Thomas Lawson, Xiaotong Liu, and Keyao Yu filed this action in the Superior Court for the County of Riverside. Dkt. 1. Plaintiffs allege that on June 14, 2018, officers from the City of Blythe Police Department and the County of Riverside Sherriff's Department raided plaintiffs' facility for cultivating medical marijuana, located at 401 W. Barnard St. in Blythe, California. Id.

On June 1, 2020, plaintiffs filed the first amended complaint. Id. On September 23, 2020, plaintiffs filed the second amended complaint against defendants the City of Blythe and the County of Riverside ("the municipal defendants"); Doe Moreno and Doe Hedges, both sued fictitiously (the "officer defendants"); and Does 1-250, asserting federal claims for the first time. Dkt. 1-1 ("SAC"). The second amended complaint alleges claims for: (1) violation of plaintiffs' federal constitutional rights to be free from unreasonable searches and seizures under 42 U.S.C. § 1983 (against the officer defendants, and the unnamed Doe defendants); (2) violation of the Bane Civil Rights Act, Cal. Civ. Code § 52.1 ("the Bane Act") (against all defendants); (3) municipal liability for violation of plaintiffs' federal constitutional rights, pursuant to 24 U.S.C. § 1983 (against the municipal defendants); (4) trespass (against all defendants); and (5) equitable, injunctive, and declaratory relief (against all defendants). Id. The municipal defendants removed the action to this Court on October 22, 2020. Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

On October 22, 2020, the municipal defendants filed a motion to dismiss plaintiffs' second, third, and fifth claims for relief, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. 5 ("MTD"). On December 7, 2020, the Court granted defendants' motion to dismiss in part, as to plaintiffs' Section 1983 claims against the municipal defendants with leave to amend, and denied defendants' motion to dismiss as to defendants' constitutional claims for lack of standing and plaintiffs' requested injunctive and declaratory relief. Dkt. 18 ("Order re MTD").

On February 4, 2022, plaintiffs filed the operative third amended complaint. Dkt. 19 ("TAC"). The third amended complaint alleges the same claims as the second amended complaint, except that it abandons the claim under the Bane Act.

On February 10, 2022, defendants the City of Blythe, the County of Riverside, Officer Moreno, and Deputy Hedge filed a motion for summary judgment as to the third amended complaint. Dkt. 41 ("MSJ"). On March 10, 2022, the Court granted the parties' joint stipulation for dismissal of all claims by plaintiffs Xiaotong Liu and Keyao Yu. Dkt. 56. On March 28, 2022, the Court granted the parties' joint stipulation for dismissal of plaintiffs' claims for municipal liability under 42 U.S.C. § 1983 and for equitable, injunctive, and declaratory relief. Dkt. 68. Plaintiffs' claim for unreasonable search and seizure against the officer defendants under 42 U.S.C. § 1983, and plaintiffs' claim for trespass against all defendants remain.

On April 1, 2022, the Court granted plaintiffs' *ex parte* application in part, extending plaintiffs' deadline to file an opposition to defendants' motion for summary judgment until April 4, 2022. Dkt. 71. On April 4, 2022, plaintiffs filed an opposition to defendants' motion for summary judgment. Dkt. 74. ("Opp."). On April 11, 2022, defendants filed their reply. Dkt. 79 ("Reply").

On April 18, 2022, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

II.   BACKGROUND

   A.   The Parties

Plaintiff Icon Desert Logistics is an incorporated non-profit mutual benefit corporation, formed with the intent of facilitating transactions among its members who want to possess and cultivate marijuana. TAC ¶ 3. Plaintiff Thomas Lawson is the chief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

executive officer and sole officer, director, and shareholder of Icon. TAC ¶ 4. Xiaotong Liu and Keyao Yu own the property where Icon conducts business. TAC ¶ 5, 6. Icon had five members all of whom possessed a prescription allowing them to use medical cannabis. Dkt. 75 ("Plaintiff Statement of Disputed Facts") ("Pltf. SDF") ¶ 26.

Defendant Officer Rudy Moreno is a City of Blythe police officer. MSJ at 3. Defendant Deputy Devin Hedge is a County of Riverside deputy sheriff. Id. The County of Riverside and the City of Blythe are both public entities. Dkt. 45 ¶ 2.

The subject building, 401 W. Barnard St., is located in the City of Blythe, California. Dkt. 42 ("Defendant Statement of Undisputed Facts") ("Def. SUF") ¶ 1. The City of Blythe requires a permit for most types of construction, including plumbing, electrical, and structural work. Id. Plaintiffs performed construction work on the building at issue without obtaining permits. Id. Further, the subject building is zoned I-S Service Industrial. Id. ¶ 2. City ordinances preclude people from sleeping overnight in buildings in I-S zone. Id.

### B. Events Preceding The June 14, 2018 Inspection

On or about January 2018, nonparty City building Inspector Jason Brown noticed that the subject building had a car parked in front of it. Brown Decl. ¶ 5. Brown was under the impression that the subject building was vacant because it had been vacant in July 2017, when he previously did an inspection of the building. Def SUF ¶ 3. Brown knocked on the door, but no one answered. Brown Decl. ¶ 5.

The next day, nonparty Austin Ritchotte, an occupant of the building, called Inspector Brown's office and left a message that someone had beat on the door of the building with a flashlight the preceding day. Brown Decl. ¶ 6. Inspector Brown met with Ritchotte outside the subject building. Ritchotte told Inspector Brown that Ritchotte fixes things and brings them to the building to work on them. Ritchotte also stated that he sometimes sleeps on site. Brown Decl. ¶ 7. When Inspector Brown asked to see inside the subject building, Ritchotte said no. Id.

Then, during the week of June 6, 2018, Inspector Brown again noticed a car sitting parked outside the subject building every day. Brown Decl. ¶ 7. Inspector Brown reviewed City records which showed no applications for any permits after Brown's last

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

inspection in July 2017, when he determined that the building was vacant. Brown Decl. ¶ 9.

On June 7, 2018, Officer Moreno and Deputy Hedge visited the subject property. Pltf. SDF ¶ 30. Deputy Hedge testified that they were there to perform a "knock and talk" to see if they could see inside the property. Hedge Depo. at 27:11-12. Deputy Hedge asked Ritchotte if he was doing anything illegal. Ritchotte responded that nothing illegal was going on, but that he was instructed not to allow anyone inside the building. Pltf. SDF ¶ 31.

The parties dispute how Inspector Brown received information about the subject property sufficient to obtain an inspection warrant. Inspector Brown discussed the subject property with Officer Moreno and Deputy Hedge. Plaintiffs state that the discussion was about what was going on inside the subject property for criminal investigatory purposes. Pltf. SDF ¶ 30-32. Defendants note that while the meeting did occur, it was initiated by Inspector Brown, and Officer Moreno and Deputy Hedge did not ask Inspector Brown to obtain a warrant and had no role in preparing the application for it. Dkt. 80 ¶ 5.

### C. The June 14, 2018 Inspection

On June 14, 2018, Inspector Brown applied for an administrative inspection warrant for the building at issue. Def. SUF ¶ 4. In the statement of probable cause for the inspection warrant, Brown states: "I would like this inspection warrant to inspect the conditions on the inside of the building for any construction that may have been done without permits, or for evidence of any living conditions inside, which is against the City of Blythe Zoning Ordinance." Dkt. 43 Ex. 1 ("Statement of Probable Cause"). Defendants state that the inspection warrant was based on evidence that Ritchotte was sleeping overnight in a building zoned in I-S, and evidence that plaintiffs did not have applications for permits required for construction. Brown Decl. ¶ 2-9.

The Superior Court issued an administrative inspection warrant, to inspect "any change in occupancy" and "any building/ construction without permits." Dkt 43. Ex. 2 ("warrant"); Def. SUF ¶ 4. The warrant states that "there is reason to believe that there exists conditions of non-conformity with the 2016 California Fire Code, regarding change in occupancy . . . [and with the] California Building Code . . . with respect to the premises names in the caption above, as required by the Code of Civil Procedure sections 1822.50

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'     JS-6

| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
|---|---|---|---|
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

et. seq. for the issuance of an Inspection Warrant. You are therefore commanded to inspect, investigate, and search, which inspection shall include the observation, taking of photographs, and questioning of, or conferring with, persons present on the property privately, to obtain information bearing on whether violations of the laws and regulations regarding occupancy classification. . . . And this inspection shall be reasonably conducted so as to effect as minimal an intrusion as possible on the normal operations of the property." Warrant at 1-2.

Inspector Brown served the inspection warrant on the subject building on June 14, 2018. Pltf. SDF ¶ 28. On the same day, Inspector Brown, as well as several City employees and deputy sheriffs, arrived on the property. Id. One of the building's occupants, Ritchotte, answered the door in response to the knocking. SUF ¶ 7. Ritchotte was shown the inspection warrant, and called plaintiff Tom Lawson. Brown Decl. ¶ 12; Ex. 3 ("Body Cam. Video"). Lawson told Ritchotte that if there was a valid warrant, he had to let them enter to inspect the property. Lawson Depo. 33:2-24; Ex. 3. Ritchotte opened the door to allow the inspection and notified defendants he had a gun inside and mentioned he had dogs and how to approach them. Brown Decl. ¶ 13; Ex. 3.

Defendants state that Inspector Brown asked for Officer Moreno and Deputy Hedge to provide security during the inspection. SUF ¶ 6. Both Officer Moreno and Deputy Hedge were present during the inspection. Id.; Pltf. SDF ¶ 28. Approximately nine officers, deputies, and detectives arrived on scene. Pltf. SDF ¶ 29. Two of the officers were members of the Blythe Narcotics Enforcement Team. Ex. E.

The parties dispute whether Officer Moreno and Deputy Hedge conducted a criminal investigation. Defendants state that Officer Moreno and Deputy Hedge did not arrest or detain anyone, did not threaten to arrest anyone, did not use any force, and did not issue any citations. SUF ¶ 9. Plaintiffs state that Officer Moreno and Deputy Hedge were conducting a criminal investigation, but acknowledge that no arrests or citations were issued because the search yielded no criminal activity. Pltf. SDF. During the search, plaintiffs state that the police officers talked to the occupants, reviewed the plaintiffs' legal documents, questioned the legal basis of plaintiffs' cannabis operation, and questioned whether plaintiffs were in possession of prohibited firearms. Pltf. SDF.

During the search, the law enforcement officers never directed plaintiffs to do anything. Def. SUF ¶ 11. The scope of the inspection was determined by Inspector Brown based on his search for city code violations. Def. SUF ¶ 27. The inspection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

revealed two beds which appeared to have recently been used for sleeping, a large amount of marijuana being grown, and extensive construction without permits. Brown Decl. ¶ 14.

### D.     Events Following The June 14, 2018 Inspection

As a result of the search, Inspector Brown issued an administrative citation and notice to appear for violations of City ordinances. Def. SUF ¶ 12. Despite the issuance of the administrative citation, the citation was never presented to the court, and as such there was never subsequent court proceeding pursuant to the warrant. Id.; Brown Decl. ¶ 24.

On June 19, 2018, Inspector Brown issued a notice and order to abate based on violations of City ordinances, stating that to "avoid legal action" the following steps shall be taken: The structure must be vacated or the buildings must be demolished. Def. SUF ¶ 13; Ex. I ("Notice and Order"). The abatement notice and citations only addressed construction without permits in violation of City ordinances. Def. SUF ¶ 14. Although there was never any directive to destroy the marijuana plants, the medical cannabis was hydroponically grown and could not survive without the structure ordered to be vacated or destroyed. Pltf. SDF ¶ 14. Lawson removed and destroyed thousands of dollars of medical cannabis in response to the abatement notice. Pltf. SUF ¶ 36. The structure was never destroyed. Dkt. 80 ¶ 14.

Plaintiffs were directed by Inspector Brown to remove items not allowed in commercial buildings, such as living quarters, and to apply for permits for the rest of the construction currently being done without permits. Def. SUF ¶ 15. Plaintiffs applied for and obtained the permits for the construction; however, plaintiffs failed to complete the work and the permits expired. Plaintiffs removed the items not allowed in a commercial building. Def. SUF ¶ 16. Plaintiffs are free to apply for the permits again. Def. SUF ¶ 17. The building and greenhouse remain in place. Def. SUF ¶ 18. Neither Officer Moreno nor Deputy Hedge took anything from the building. Def. SUF ¶ 19.

The parties dispute whether Inspector Brown inadvertently took a binder during the search. Defendants state that Inspector Brown inadvertently picked up a binder and returned it a few days later. Def. SUF ¶ 20. Plaintiffs state that the binder was reviewed by multiple officers during the search and contains evidence regarding the legality of plaintiffs' medical cannabis. Plaintiffs note that Inspector Brown held the binder for 7 to 10 days. Lawson Depo. 30:11-24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 | |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | | |

In addition to the building code violations, the inspection revealed that plaintiffs were in violation of a City ordinance, which precludes a marijuana business from operating within 600 feet of specified uses, including parks and churches. Def. SUF ¶ 21. The subject building is within 600 feet of a park and a church. Def. SUF ¶ 22. After the citations were issued, plaintiffs applied to the City for a variance, but the City Council denied the application. Def. SUF ¶ 23. Plaintiffs state that their variance was improperly denied because on July 24, 2017, the State of California recognized Icon as a medical marijuana mutual benefit corporation, and therefore Icon is exempt from commercial cannabis regulations. Dkt. 80 ¶ 21. Pltf. SDF ¶ 21; Ex. C. The California Bus. & Prof. Code § 19319 allows a qualified patient who cultivates, possesses, stores, manufactures or transports cannabis exclusively for his or her personal medical use, but does not provide, donate, sell or distribute cannabis, to be exempted from the commercial cannabis licensure requirements. Ex. C. Defendants note that the code enforcement actions were based on City zoning ordinances, not state requirements. Dkt. 81.

### III.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

If the nonmoving party fails to challenge the facts asserted by the moving party, the court may consider the facts undisputed for purposes of the motion and grant summary judgment if the undisputed facts and the motion and supporting papers show the movant is entitled to it. Fed. R. Civ. Proc. 56(e)(2)-(3). Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 14-G.

## IV.   DISCUSSION

### A.   Search and Seizure

The first issue before the Court is whether plaintiffs were subject to an unreasonable search and seizure within the meaning of the Fourth Amendment. Defendants argue that (1) the inspection was a valid administrative search pursuant to a valid inspection warrant and as such there was no Fourth Amendment violation by defendants, and (2) assuming *arguendo* there was a Fourth Amendment violation, defendants are entitled to qualified immunity. MSJ at 8. Plaintiffs respond that the administrative search was pretextual and its primary purpose was a criminal investigation. Opp. at 2. Accordingly, plaintiffs argue, the search was a violation of plaintiffs' Fourth Amendment rights. Id.

#### 1.   Valid Administrative Search

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, a search or seizure inside a residence requires a criminal warrant supported by probable cause. See Maryland v. Buie, 494 U.S. 325, 331 (1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 | |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | | |

When "there is a fair probability that contraband or evidence of a crime will be found in a particular place," probable cause exists. Illinois v. Gates, 462 U.S. 213, 238 (1983).

An administrative search presents an exception to the warrant and probable cause requirements. For an administrative search, "government investigators conducting searches pursuant to a regulatory scheme need not adhere to the usual warrant or probable-cause requirements as long as their searches meet 'reasonable legislative or administrative standards.'" Griffin v. Wisconsin, 483 U.S. 868, 873 (1987) (quoting Camara v. Mun. Court of City & Cty. of S.F., 387 U.S. 523 (1967)). For instance, "[a] judicial warrant and probable cause are not needed . . . where the search or seizure is in execution of an administrative warrant authorizing . . . an inspection of residential premises to ensure compliance with a housing code." Ashcroft v. al-Kidd, 563 U.S. 731 (2011) (citing Camara, 387 U.S. at 535–38).

Further, "[a] limited administrative search cannot also serve unrelated law enforcement purposes." United States v. $124,570 U.S. Currency, 873 F.2d 1240, 1247 (9th Cir. 1989). "[O]nce a search is conducted for a criminal investigatory purpose; it can no longer be justified under an administrative search rationale." Id. at 1246 n. 5. Thus, while subjective motivations of police officers are usually "irrelevant in determining whether the circumstances objectively justified the action taken or the intrusion occasioned," United States v. McCarty, 648 F.3d 820, 832 (9th Cir. 2011) (citing Al-Kidd, 563 U.S. at 736) "'actual motivations' do matter" in administrative search cases, id. (quoting Al-Kidd, 563 U.S. at 736). "[S]ome inquiry into the actual motivations behind an administrative search is permitted to guard against wholly pretextual intrusions into the public's reasonable expectations of privacy." Id.

Defendants argue that there was no unreasonable search and seizure because the entry was pursuant to a facially valid inspection warrant. MSJ at 9. "In California, an inspection warrant may be issued authorizing local officials 'to conduct any inspection required or authorized by state or local law or regulation relating to building, fire, safety, plumbing, electrical, health, labor, or zoning' where 'there is reason to believe that a condition of nonconformity exists with respect to the particular place, dwelling, structure, premises, or vehicle.'" Sanchez v. Riverside Cty. Code Enf't Agency, 2018 U.S. Dist. Lexis 61767 at *41 (C.D. Cal. 2018) (quoting Cal. Civ. Proc. Code §§ 1822.50, 1822.52).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 | |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | | |

Defendants contend that nonparty Inspector Brown obtained a facially valid inspection warrant authorized for any change in occupancy and any construction without permits within the subject building. MSJ at 9. Brown, defendants argue, had the proper showing to obtain an inspection warrant. MSJ at 10. Further, defendants contend that the fact that the inspection did not comply with the 24-hour notice period required by state law before a warrant is executed has no relevance to plaintiffs' federal law claim. MSJ at 12.

Plaintiffs do not dispute the validity of the inspection warrant. The Court finds that nonparty Brown had sufficient probable cause to obtain an inspection warrant for an administrative search. Administrative search warrants may be issued based on either (1) specific evidence of an existing violation at a particular location; or (2) a showing that "reasonable legislative or administrative standards for conducting an … inspection are satisfied with respect to [the location]." Marshall v. Barlow's, Inc., 436 U.S. at 320-21 (quoting Camara, 387 U.S. at 358). Brown had specific evidence of a violation after he reviewed the permit history for the subject building before he sought a warrant. Brown was aware that plaintiffs did not have permits for construction inside the building based on his prior inspection in July 2017. Brown Decl. ¶ 9. Further, Brown had evidence giving him cause to believe there were violations of the City ordinances which prohibit residing overnight in a commercial building.

Further, the Court finds that defendants' lack of compliance with the 24-hour notice period does not affect plaintiffs' federal law claim. The validity of a search for purposes of a federal law claim is measured solely by federal law. United States v. Kovac, 795 F.2d 1509, 1511-1512 (9th Cir. 1986) ("[Plaintiff's] argument that state law should apply to determine the validity of the warrant and the search is meritless. . . whether the officials complied with state law is not relevant; the only question is whether the officials acted in compliance with federal law."); California v. Greenwood, 486 U.S. 35, 43 (1988) ("Individual States may surely construe their own constitutions as imposing more stringent constraints on police conduct than does the Federal Constitution. We have never intimated, however, that whether or not a search is reasonable within the meaning of the Fourth Amendment depends on the law of the particular State in which the search occurs.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

    2.    <u>Pretextual Search</u>

    Defendants also contend that the inspection was not subterfuge for a criminal investigation, as plaintiffs allege. MSJ at 12. Ninth Circuit precedent holds that an administrative warrant cannot be used as subterfuge to conduct a criminal investigation. <u>United States v. Grey</u>, 959 F.3d 1166, 1169 (9th Cir. 2020). Defendants emphasize that there is no evidence to support plaintiffs' contention that the inspection was conducted for the primary purpose of a criminal investigation. MSJ at 13. Defendants point out that no one was detained or arrested, no one was threatened with an arrest, no citations were issued other than the administrative citations issued by nonparty Inspector Brown, and no criminal investigation was conducted. MSJ at 14. Further, defendants emphasize that the purpose of the officers accompanying Brown in the search was to provide security in case of any problems. Brown decl. ¶ 11; Moreno decl. ¶ 6; Hedge decl. ¶ 3. <u>Id.</u> at 14.

    Finally, defendants argue that there was no improper seizure of documents because Officer Moreno and Deputy Hedge did not take anything from the subject building. MSJ at 14. The only item allegedly seized was a binder, which nonparty Inspector Brown stated he inadvertently picked up and returned. MSJ at 14. Significantly, neither of the defendants took anything from the building. <u>Id.</u>

    Plaintiffs respond that Officer Moreno and Deputy Hedge violated their right to be secure against an unreasonable search and seizure. Opp. at 6. Plaintiffs argue that the primary purpose of the inspection was to gather evidence in support of a criminal investigation, and therefore the search went beyond the scope of the administrative search warrant. Opp. at 6.[1]

---

[1]    During the April 18, 2022 hearing, plaintiffs argued that the administrative search was pretextual because Alec Barbisan, an individual present on the property during the administrative search, was detained by the officers during the administrative search. Plaintiffs argue that the detention occurred when an officer accompanied Barbisan to get Ritchotte's vehicle, which was parked across the street, to put Ritchotte's dog inside the vehicle.

    First, the Court notes that plaintiffs did not make a detention argument in their opposition brief. Moreover the bodycam video of the the incident, which shows an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

In their reply, defendants argue that there is no evidence that shows that the law enforcement officers asked Inspector Brown to obtain the warrant for criminal purposes. Reply at 2. Further, defendants contend, the fact that the law enforcement officers visited the property on a prior date does not show suspicion of criminal conduct, because growing marijuana in an unpermitted zone is a code enforcement issue, not a criminal matter. Reply at 3. Defendants contend that plaintiffs do not put forth evidence showing there was criminal subterfuge for the search, and that conducting checks of the criminal history of people in the subject building during the search is part of providing security. Id. Lastly, defendants note that plaintiffs have not shown that law enforcement officers prolonged the scope of the inspection for purposes of conducting a criminal investigation. Id.

Plaintiffs rely on this Court's decision in U.S.A. v. Grey, affirmed by the Ninth Circuit, in support of their contention that the primary purpose of the inspection was a criminal investigation. U.S.A. v. Grey, 2018 WL 4403979, at *1 (C.D. Cal. Sept. 13, 2018), aff'd sub nom. United States v. Grey, 959 F.3d at 1166. Plaintiffs' reliance on Grey is misplaced.

In Grey, the defendant was charged with possession of firearms and ammunition after being subject to a search pursuant to an inspection warrant. 2018 WL 4403979, at *1. Defendant filed a motion to suppress the evidence. Id. Prior to the administrative search, both the Code Enforcement Division of the City of Lancaster's Department of Housing and Neighborhood Revitalization and the Los Angeles Sheriff's Department ("LASD") conducted investigations. Id. at *5. After obtaining an inspection warrant, the Code Enforcement Division conducted an administrative search of defendants' home for possible violations of the City's municipal code. Id. The deputy sheriffs accompanied the Code Enforcement Division during the administrative search, and were instructed to arrest the defendant while they were assisting with the inspection. Id. at *6. The deputies entered the house with their weapons drawn, and the defendant was detained and handcuffed during the administrative search. Id. The LASD then used the evidence seen

---

officer being asked to accompany Barbisan to Ritchotte's vehicle, does not provide any evidence that a detention occurred. Dkt. 43 Ex. 3 at 11:48. In fact, during the hearing, plaintiffs conceded that they do not have admissible evidence to overcome summary judgment in this regard. As such, the Court finds that plaintiffs do not provide admissible evidence to create a question of fact that a detention occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

in plain sight during the administrative search to obtain a search warrant of defendant's house, leading to the criminal charges. Id.

The defendant in Grey argued that the LASD's assistance in the execution of the inspection warrant was pretext to conduct a criminal search, and therefore all evidence seized and fruits derived from the administrative search should be excluded. Id. at *7. This Court found that the record in Grey "demonstrated that the LASD deputies who participated in the search conducted pursuant to an administrative warrant had formed the intent to uncover evidence of a crime and to arrest defendant prior to [their] arriv[al] at defendant's house." Id. at *9. ("[T]he evidence shows that the LASD deputies in question formed an intention before even arriving at defendant's home [] to arrest defendant and interview him about his possession of firearms while assisting the City with the execution of the administrative warrant.").

Here, the evidence presented to the Court regarding the officers' intentions to uncover evidence of a crime during the administrative search is less clear than the evidence presented regarding the officers' intentions in Grey. On one hand, as in Grey, nine officers, including some Drug Enforcement officers, accompanied an inspector on the administrative search. Further, the bodycam video of Officer Servando Iniquez shows officers making comments throughout the search such as "so [occupant] has an indoor grow . . . it looks like it's not gonna be a criminal thing, maybe a city thing" and "the chief . . . thinks it's a big enough deal to come down here." Dkt. 43 Ex. 3 ("Bodycam Video" at 18:45-18:55; 29:40-29:50). The Drug Enforcement officers spent time during the search questioning the occupants on their licenses for growing marijuana, questions which appear to be unrelated to the questions of occupancy and construction. Id.

On the other hand, additional evidence in the record supports a finding that the officers possessed no criminal intent during the administrative search. For example, neither Deputy Moreno nor Officer Hedge were placed in charge of assisting the City with the execution of the warrant, and there was no instruction to arrest anyone during the search. See, e.g., Camara, 387 U.S. at 537 (concluding that municipal health and safety inspections of private residences are permissible with only an administrative warrant in part because such inspections are not "aimed at the discovery of evidence of crime").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

The Court finds that on the record before it, the Court cannot say as a matter of law that there is no evidence to support a claim of subterfuge based on the fact that nine officers, including Drug Enforcement agents, accompanied an inspector for an administrative search. It remains a question of fact as to whether the officers' presence was to assist with the administrative search for security reasons, or if the officers' presence demonstrates that the officers intended to conduct a criminal search. Accordingly, the Court finds that this question of fact may be better decided on a Rule 50 motion following trial, when the Court has heard all of the evidence. Nonetheless, even assuming there is a disputed issue of fact as to the question of subterfuge, the officers are entitled to qualified immunity.

    3.    <u>Qualified Immunity</u>

Defendants argue that, assuming *arguendo* defendants violated plaintiffs' Fourth Amendment rights, both Officer Moreno and Deputy Hedge are entitled to qualified immunity. MSJ at 11. Generally, courts follow a two-step inquiry in determining whether a government official is entitled to qualified immunity. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). "First, a court must decide whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right." <u>Pearson v. Callahan</u>, 555 U.S. 223, 232 (2009). Second, "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." <u>Id.</u>

"To be 'clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" <u>Acosta v. City of Costa Mesa</u>, 718 F.3d 800, 824 (9th Cir. 2013) (quoting <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987)). "Defendants are entitled to qualified immunity, even if they violated [plaintiffs'] [Fourth Amendment] rights, if they reasonably could have believed that their conduct was lawful 'in light of clearly established law and the information [that they] possessed.'" <u>Demers v. Austin</u>, 746 F.3d 402, 417 (9th Cir. 2014) (quoting <u>Cohen v. San Bernardino Valley Coll.</u>, 92 F.3d 968, 973 (9th Cir.1996)).

A "case directly on point" is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate." <u>Al-Kidd</u>, 563 U.S. at 741. The determination of whether the law was clearly established "must be undertaken in light of the specific context of the case." <u>Saucier</u>, 533 U.S. at 201. The qualified immunity standard "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986). In other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

words, the law must provide officials with "fair warning" that their conduct is unconstitutional. Hope v. Pelzer, 536 U.S. 730 (2002). "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." Pearson, 555 U.S. at 232.

Defendants contend that Officer Moreno and Deputy Hedge did not violate any clearly established law by relying on a facially valid warrant. Id. Defendants emphasize that plaintiffs did not sue Inspector Brown, the person who obtained the administrative warrant. Id. Defendants note that plaintiffs have not cited to any case law precisely addressing the facts at issue: one in which a plaintiff's rights were clearly violated by officers providing security during an administrative search, relying on a valid inspection warrant, and not exerting any force during the search. Rather, defendants argue that "when one person obtains a facially valid warrant and requests assistance, the people who respond to that request for assistance are entitled to rely on the warrant." MSJ at 11. Accordingly, defendants contend that Officer Moreno and Deputy Hedge accompanying Inspector Brown and relying on a facially valid warrant did not violate clearly established law. MSJ at 12.

Plaintiffs do not address the issue of qualified immunity in their opposition. In their reply brief, defendants note that plaintiffs do not dispute the law which holds that qualified immunity applies if law enforcement officers rely on a facially valid warrant. Reply at 2.

The Court notes that plaintiffs have not cited to any case law which shows that the defendants' conduct violates clearly established law in the Ninth Circuit. Further, the Court is unaware of any case law that shows that officers violate a clearly established right when they reasonably rely on a valid administrative warrant and do not exceed the scope of the search permitted by the warrant. See, e.g., Johnson v. Cty. Of Contra Costa, 2010 WL 3491425 at *1 (N.D. Cal Sept. 3, 2010) ("Given the facial validity of the search warrant [], the officers who executed the search warrant cannot be stripped of qualified immunity if their reliance on the warrant was objectively reasonable."). But see Groh v. Ramirez, 540 U.S. 551, 566 (2004) (holding that qualified immunity does not apply when a search warrant is "so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid") (internal citations omitted); Marks v. Clarke, 102 F.3d 1012, 1028 (9th Cir. 1996) (internal citations omitted) ("[A]n officer is not entitled to rely on a

Case 5:20-cv-02225-CAS-JC   Document 84   Filed 04/18/22   Page 16 of 18   Page ID #:862

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

warrant which is so facially overbroad as to preclude reasonable reliance by the executing officers.")."

First, the Court finds that the administrative warrant was facially valid. Sanchez v. Riverside Cty. Code Enf't Agency, 2018 U.S. Dist. Lexis 61767, *41 (C.D. Cal. 2018) (In general, a valid search warrant must be issued by a neutral judicial officer; be based on probable cause; and describe the place to be searched with particularity) (citing U.S. Const. amend IV; Dalia v. United States, 441 U.S. 238 (1979); United States v. Turner, 770 F.2d 1508, 1510 (9th Cir. 1985)). The warrant was supported by a probable cause statement by Brown, a certified building inspector. Dkt. 43 Ex. 1. Further, the warrant itself was reasonable on its face, stating with particularity that the inspection covered evidence related to "any change in occupancy" and "any building/ construction without permits," and was signed by Superior Court Judge Burke E. Strunsky. Dkt. 43 Ex. 2. Plaintiffs do not dispute the validity of the administrative warrant.

Second, defendants' actions in providing security throughout the search were reasonable given the scope of the warrant—defendants did not seize any items, defendants did not order plaintiffs to do anything, defendants did not arrest nor detain anyone, and defendants did not use force. As such, because the search was conducted in reliance on an administrative warrant and did not exceed the authority granted by the warrant—no one was charged or even detained, despite claims to the contrary—the officers are entitled to qualified immunity.

Accordingly, the Court finds that Officer Moreno and Deputy Hedge are entitled to qualified immunity.[2]

### B.   State Law Trespass

The second issue before the Court is whether defendants' entry onto plaintiffs' property constitutes trespass under state law. MSJ at 20. Defendants contend that plaintiffs do not have a valid trespass claim because the officers' entry was pursuant to a valid administrative warrant. Trespass is an unauthorized entry onto the property of

---

[2] As such, there being no claims for constitutional violations against defendants Officer Moreno and Deputy Hedge, there can be no claims against the City of Blythe and the County of Riverside.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 | |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | | |

another person. Church of Christ in Hollywood v. Superior Court, 99 Cal. App. 4th 1244, 1252 (2002). An entry pursuant to a warrant is an authorized entry and not a trespass. Cal. Gov't Code § 821.8 (West) ("A public employee is not liable for an injury arising out of his entry upon any property where such entry is expressly or impliedly by law.").

Further, defendants argue that the fact that the inspection violated Cal. Civ. Proc. Code § 1822.56 because notice was not given 24 hours before the inspection is immaterial to plaintiffs' trespass claim.  Section 1822.56 states: "Where prior consent has been sought and refused, notice that a warrant has been issued must be given at least 24 hours before the warrant is executed, unless the judge finds that immediate execution is reasonably necessary in the circumstances shown."

Finally, defendants argue that plaintiffs were never ordered to destroy their marijuana plants, and as such, the loss of plaintiffs' marijuana plants is not a violation of federal or state law, including trespass.  MSJ at 22.  Defendants note that plaintiffs were properly ordered to correct the construction of the subject building because they were in violation of the City's zoning ordinances.  Id.

Plaintiffs' opposition does not address the state law trespass claim.  In their reply, defendants note that plaintiffs have conceded that there was a facially valid administrative warrant.  Reply at 1-2.  Further, defendants emphasize that plaintiffs do not dispute that the fact that the officers did not comply with the 24-hour notice requirement does not create a valid trespass claim.  Id.

The Court finds that, for the reasons stated above, defendants' entry onto plaintiffs' property was pursuant to a facially valid warrant.  Further, California law provides that a law enforcement officer who did not obtain a warrant is entitled to rely on a facially valid warrant and does not have to re-determine whether probable cause existed.  Barnett v. State Farm General Ins. Co., 200 Cal. App. 4th 536, 546 (2011) ("[O]fficers executing a facially valid warrant [] may rely on the warrant as lawful authority to conduct a search and seize property.").

Therefore, the Court finds that the only remaining question is whether defendants' violation of the 24-hour notice requirement is sufficient to invalidate the warrant for purposes of plaintiffs' trespass claim.  First, the Court notes that plaintiffs have conceded that the administrative warrant is valid, regardless of defendants' lack of compliance with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:20-CV-02225-CAS (JCx) | Date | April 18, 2022 |
| Title | ICON DESERT LOGISTICS, ET AL. V. CITY OF BLYTHE POLICE DEPT., ET AL. | | |

the 24-hour notice requirement. Further, California courts have held that the failure to provide 24 hours' notice is not a basis for suppression of evidence seized during a peaceful inspection pursuant to an inspection warrant. People v. Lepeilbet, 4 Cal. App. 4th 1208, 1213 (1992).

In Lepeilbet, the court notes that the "24 hours' notice requirement" is a "procedural requirement" and "is not necessary to accomplish [a] safety objective." Id. at 1210. While the Lepeilbet court acknowledges that the notice provision "may minimize the intrusion inherent in inspections for health and safety violations," the court ultimately states that "such intrusion is relatively limited." Id. at 1215. "On the other hand, a 24 hours' notice requirement may frustrate a significant public interest by forewarning a violator so he or she may take steps to make it more difficult to detect health and safety violations." Id. The Lepeilbet court's reasoning suggests that California's 24-hour notice requirement is not intended to provide a basis for invalidating an otherwise valid warrant. Because plaintiffs have already conceded that the warrant is facially valid, and a public employee who enters a property with a valid warrant is not liable for trespass, Cal. Gov't Code § 821.8, the Court finds that as a matter of law plaintiffs' do not state a claim for trespass.

Accordingly, the Court grants defendants' motion for summary judgment as to plaintiffs' state law trespass claim.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion for summary judgment as to plaintiffs' Fourth Amendment claim on qualified immunity grounds. Further, the Court **GRANTS** defendants' motion for summary judgment as to plaintiffs' state law trespass claim.

IT IS SO ORDERED.

|  | 01 : 05 |
|---|---|
| Initials of Preparer | CMJ |