UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 5:20-CV-02225-CAS (SPx) | Date | May 4, 2022 |
|---|---|---|---|
| Title | ICON DESERT LOGISTICS ET AL. V. CITY OF BLYTHE ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       (IN CHAMBERS) - PLAINTIFFS' MOTION FOR
RECONSIDERATION (Dkt. 86, filed on MAY 2, 2022)

## I.       INTRODUCTION

On June 18, 2019, plaintiffs Icon Desert Logistics ("Icon"), Thomas Lawson, Xiaotong Liu, and Keyao Yu filed this action in the Superior Court for the County of Riverside against defendants the City of Blythe and the County of Riverside ("the municipal defendants"); Doe Moreno and Doe Hedges, both sued fictitiously (the "officer defendants"); and Does 1-250. Dkt. 1.

On April 18, 2022, the Court granted defendants' motion for summary judgment as to plaintiffs' Fourth Amendment claims on qualified immunity grounds. Dkt. 84 ("Order"). Because all other parties and claims were previously dismissed, the Order granting summary judgment is dispositive as to all remaining claims.

On May 2, 2022, plaintiffs filed a motion for reconsideration. Dkt. 86 (Mot. to Reconsid.").

## II.      LEGAL STANDARD

Under Local Rule 7-18, "[a] motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:20-CV-02225-CAS (SPx) | | Date | May 4, 2022 |
|---|---|---|---|---|
| Title | ICON DESERT LOGISTICS ET AL. V. CITY OF BLYTHE ET AL. | | | |

## III.   DISCUSSION

In their motion for reconsideration, plaintiffs argue that the evidence before the Court demonstrates a violation of plaintiffs' Fourth Amendment rights.  Mot. for Reconsid. at 5.  Plaintiffs point out that the Court's Order denying summary judgment states that "even if there [is] a finding that the officers possessed the intent to use the administrative search as subterfuge for a criminal investigation, [] plaintiffs would need to set forth additional evidence to suggest that the officers' alleged intent expanded the intrusiveness of the administrative search."[1]  Mot. to Reconsid. at 5.  Plaintiffs reiterate their arguments about the pretextual nature of the search, arguing that Inspector Brown lied on the probable cause statement and that the body camera footage shows that the search was designed to conduct a criminal investigation.  Id.

The Court finds that plaintiffs do not raise any new facts regarding the nature of the search, and even if they did, they fail to explain why these arguments could not have been raised in their opposition papers or in the hearing.  See L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.").  Further, because the Court relied on qualified immunity in granting defendants' motion for summary judgment, even assuming *arguendo* that plaintiffs provided new information regarding the pretextual nature of the search, that information would not change the Court's conclusion.  In its final Order, the Court held:

It remains a question of fact as to whether the officers' presence was to assist with the administrative search for security reasons, or if the officers' presence demonstrates that the officers intended to conduct a criminal search.  Accordingly, the Court finds that this question of fact may be better decided on a Rule 50 motion following trial, when the Court has heard all of the evidence.  Nonetheless, even

---

[1] The Court notes that it did not mention the effect of the intrusiveness of the search in its final Order, dkt. 84; this point is only discussed in the Court's tentative order distributed to the parties.  In its final Order, the Court held that whether the administrative search was pretextual is a question of fact. Dkt. 84.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           **'O'**

| Case No. | 5:20-CV-02225-CAS (SPx) | Date | May 4, 2022 |
|---|---|---|---|
| Title | ICON DESERT LOGISTICS ET AL. V. CITY OF BLYTHE ET AL. | | |

assuming there is a disputed issue of fact as to the question of subterfuge, the officers are entitled to qualified immunity.

Order at 15.

Further, plaintiffs contend that the officers are not entitled to qualified immunity, arguing that the "officers were aware that without Plaintiff's consent [to conduct the search], they would be violating Plaintiff's constitutional rights." Mot. for Reconsid. at 6. First, the Court notes that plaintiffs cite to no case law to support their qualified immunity argument. Moreover, plaintiffs fail to explain why this new qualified immunity argument was not raised at the time of the hearing. Finally, even if the Court were to consider plaintiffs' argument, it does not affect the basis for the Court's finding because the Court based its decision on the officers' right to "reasonably rely on a valid administrative warrant." Order at 15. Accordingly, the Court finds that plaintiffs have not met any of the grounds for a motion for reconsideration to be granted.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |